# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| BiTMICRO LLC,<br><br>        *Plaintiff*,<br><br>v.<br><br>INTEL CORPORATION,<br><br>        *Defendant*. | CASE NO. 6:22-cv-335-ADA<br><br>**JURY TRIAL DEMANDED** |

## INTEL CORPORATION'S 12(b)(6) MOTION TO DISMISS

## TABLE OF CONTENTS

## TABLE OF CONTENTS

Page

I. INTRODUCTION ......................................................................................................... 1

II. STATEMENT OF FACTS ........................................................................................... 2

    A. The Complaint Makes No Mention of Willful or Induced Infringement Specifically for the '939 Patent ........................................................................ 2

    B. BiTMICRO's Willful and Induced Infringement Allegations for the '740, '084, and '694 Patents Are Sparse ................................................................. 2

    C. The Complaint Includes Minimal Allegations of Willful and Induced Infringement for the '243 and '190 Patents ................................................... 3

III. LEGAL STANDARD .................................................................................................. 4

IV. ARGUMENT ............................................................................................................... 6

    A. BiTMICRO Has Failed to Adequately Plead Pre-Suit Willful and Induced Infringement as to Any Asserted Patents ....................................................... 6

        1. The Complaint Does Not Plead Willful or Induced Infringement for the '939 Patent ............................................................................. 6

        2. The Threadbare Allegations for the '740, '084, and '694 Patents Are Insufficient to Plead Pre-Suit Willful and Induced Infringement ................................................................................... 6

        3. The Conclusory Pre-Suit Allegations of Willful and Induced Infringement for the '243 and '190 Patents Are Fatally Flawed ....... 8

    B. Similar Issues Plague BiTMICRO's Post-Suit Willful and Induced Infringement Claims, Which Are Also Insufficient ..................................... 11

        1. The Filing of a Complaint Cannot Create New Legal Rights .......... 11

        2. Like Its Pre-Suit Claims, BiTMICRO's Post-Suit Induced Infringement Claims Do Not Adequately Plead Specific Intent ...... 13

        3. Any Post-Suit Claims for the Expired '939 Patent Should Be Dismissed with Prejudice ................................................................ 13

        4. The Post-Suit Willful and Induced Infringement Claims for the Accused NAND SSD Products Should Be Dismissed with Prejudice ......................................................................................... 13

V. CONCLUSION ........................................................................................................... 14

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Affinity Labs of Tex., LLC v. Blackberry Ltd.*,
 No. W:13-CV-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014)...............................5, 8, 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)................................................................................................... passim

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
 No. 2:13-CV-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014)..........................................13

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)..........................................................................................................4, 7, 9

*Bench Walk Lighting LLC v. LG Innotek Co.*,
 530 F. Supp. 3d 468 (D. Del. 2021)..........................................................................................8

*BillJCo, LLC v. Apple Inc.*,
 No. 6:21-CV-00528-ADA, 2022 WL 299733 (W.D. Tex. Feb. 1, 2022)................................9

*CAP Co. v. McAfee, Inc.*,
 No. 14-CV-05068-JD, 2015 WL 3945875 (N.D. Cal. June 26, 2015) .....................................8

*Commil USA, LLC v. Cisco Sys., Inc.*,
 135 S. Ct. 1920 (2015)..............................................................................................................5

*DSU Med. Corp. v. JMS Co.*,
 471 F.3d 1293 (Fed. Cir. 2006)............................................................................................5, 7

*Funk v. Stryker Corp.*,
 631 F.3d 777 (5th Cir. 2011) ....................................................................................................5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
 563 U.S. 754 (2011).................................................................................................................5

*Inhale, Inc v. Gravitron*,
 LLC, No. 1-18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018).........................7

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
 No. 6:20-CV-00317-ADA, 2021 WL 4555608 (W.D. Tex. Oct. 4, 2021).......................4, 6, 9

*Proxyconn Inc. v. Microsoft Corp.*,
 No. SACV 11–1681 DOC, 2012 WL 1835680 (C.D. Cal. May 16, 2012) .......................11, 12

# TABLE OF AUTHORITIES (continued)

Page(s)

*Sonos, Inc. v. Google LLC*,
  No. C-21-07559-WHA, 2022 WL 799367 (N.D. Cal. Mar. 16, 2022)...............................11, 12

*USC IP P'ship, L.P. v. Facebook, Inc.*,
  No. 6:20-CV-00555-ADA, 2021 WL 3134260 (W.D. Tex. July 23, 2021)............................7

*Välinge Innovation AB v. Halstead New England Corp.*,
  No. CV 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ................................4

*Walker v. Beaumont Indep. Sch. Dist.*,
  938 F.3d 724 (5th Cir. 2019) ...................................................................................................5

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
  528 F. Supp. 3d 247 (D. Del. 2021).................................................................................11, 12

**STATUTES**

35 U.S.C. § 271(b) ..........................................................................................................................2, 5

35 U.S.C. §§ 284-285 ........................................................................................................................3

**RULES**

FED. R. CIV. P. 12(b)(6).....................................................................................................................4

FED. R. EVID. 201 ..........................................................................................................................5, 9

**OTHER REFERENCES**

U.S. Patent No. 6,496,939........................................................................................................2, 6, 13

U.S. Patent No. 7,826,243......................................................................................................2, 4, 9, 10

U.S. Patent No. 8,010,740......................................................................................................2, 3, 7, 13

U.S. Patent No. 9,135,190................................................................................................... passim

U.S. Patent No. 9,858,084...........................................................................................................2, 3, 7

U.S. Patent No. 10,120,694.........................................................................................................2, 3, 7

**I.      INTRODUCTION**

Plaintiff BiTMICRO LLC ("BiTMICRO") alleges that Defendant Intel Corporation ("Intel") willfully infringes and induces infringement of six patents. But BiTMICRO's conclusory and speculative allegations cannot support the requisite knowledge and intent to sustain those claims, whether pre-suit or post-suit.

BiTMICRO's pre-suit allegations fail because the Complaint lacks factual underpinning to support the knowledge and intent required for the claims. For one patent, the Complaint fails even to mention willful and induced infringement. For three others, the Complaint merely offers hollow conclusions and repeats legal elements. For the last two patents, while the Complaint includes some additional allegations, they fail to plead pertinent factual support. As the Supreme Court and this district have long held, threadbare statements are inadequate to support an allegation of willful or induced infringement. The pre-suit willful and induced infringement allegations for all six patents fall far short of the applicable legal standards and should be dismissed.

BiTMICRO's post-suit allegations fare no better. As many courts have recognized, the filing of a complaint is not sufficient to support post-suit willful and induced infringement where the knowledge and intent elements were non-existent pre-suit. That approach should govern this case. In any event, the Complaint here does not allege sufficient facts to establish the specific intent necessary for induced infringement. And BiTMICRO cannot plausibly plead post-suit willfulness or inducement where one asserted patent expired before the Complaint was filed. Nor can it plausibly plead post-suit infringement for three other patents where BiTMICRO itself alleges that a third party acquired the business relating to those products before BiTMICRO initiated suit. BiTMICRO's post-suit willful and inducement claims should also be dismissed.

## II.  STATEMENT OF FACTS

BiTMICRO is a Delaware LLC and current owner and assignee of the patents at issue. Dkt. 1 ¶¶ 4, 5.  Intel is a semiconductor company incorporated in Delaware with a principal place of business in Santa Clara, California. *Id*. at ¶ 6.  BiTMICRO's Complaint alleges direct, induced, and willful infringement of six patents: U.S. Patent Nos. 7,826,243 ("'243 patent"), 9,135,190 ("'190 patent"), 8,010,740 ("'740 patent"), 9,858,084 ("'084 patent"), 10,120,694 ("'694 patent"), 6,496,939 ("'939 patent") (collectively, the "Asserted Patents"). *Id.* at ¶¶ 71–180.  BiTMICRO describes the Asserted Patents as relating to "memory controllers, mapping tables for memory devices, storage device security, memory saving during power loss, microchip configuration, and system booting" for solid state drives ("SSDs") and integrated circuit technologies. *Id*. at ¶¶ 2, 14.  BiTMICRO's Prayer for Relief generally requests a "judgment that Intel has infringed and/or continues to infringe one or more claims of the Asserted Patents, directly, and/or indirectly by way of inducement." *Id.* at Prayer for Relief ¶ A.  The Prayer for Relief also requests a judgment of willful infringement and enhanced damages. *Id.* at Prayer for Relief ¶ E.

### A.  The Complaint Makes No Mention of Willful or Induced Infringement Specifically for the '939 Patent

The Complaint's allegations for the '939 patent appear in ¶¶ 171–180 and relate solely to direct infringement. *Id.* at ¶¶ 171–180.  The Complaint includes no specific allegations of induced or willful infringement as to the '939 patent and says nothing about Intel's knowledge of or specific intent to infringe the '939 patent. *See id*.

### B.  BiTMICRO's Willful and Induced Infringement Allegations for the '740, '084, and '694 Patents Are Sparse

The Complaint includes four paragraphs that circumscribe BiTMICRO's allegations of induced and willful infringement for the '740 patent:

134.  On information and belief, Intel is also inducing and/or has induced

2

infringement of one or more claims of the '740 Patent, including at least claim 1, as a result of, amongst other activities, instructing, encouraging, and directing its customers on the use of the '740 Accused Products in an infringing manner in violation of 35 U.S.C. § 271(b).  Through its website, instructional guides, and manuals, Intel provides its customers with detailed explanations, instructions, and information on how to use and implement the '740 Accused Products which demonstrate active steps taken to encourage direct infringement. (*See, e.g.*, "Quick Start Guide Part 1: Persistent Memory Provisioning Introduction;" "Intel Optane DC Persistent Memory Technical Video," Intel presentation "Completing the Memory and Storage Hierarchy").

135. On information and belief, Intel has had knowledge of the '740 Patent at least as of the filing and/or service of this Complaint.  Despite this knowledge, Intel has continued to engage in activities to encourage and assist its customers in the use of the '740 Accused Products.  Thus, on information and belief, Intel (1) had actual knowledge of the patent; (2) knowingly induced its customers to infringe the patent; and (3) had specific intent to induce the patent infringement.

136. On information and belief, by using the '740 Accused Products as encouraged and assisted by Intel, Intel's customers have directly infringed and continue to directly infringe one or more claims of the '740 Patent, including at least claim 1. On information and belief, Intel knew or was willfully blind to the fact that its actions would induce its customers' direct infringement of the '740 Patent.

137. Intel's infringement of the '740 Patent has been and continues to be deliberate and willful, and this is therefore an exceptional case warranting an award of enhanced damages and attorneys' fees and costs pursuant to 35 U.S.C. §§ 284-285.

*Id*. at ¶¶ 134–137 (footnotes omitted).  The Complaint includes nearly identically scant recitations of willful and induced infringement for the '084 and '694 patents.  *See id.* at ¶¶ 151–154 ('084 patent); ¶¶ 165–168 ('694 patent).

### C. The Complaint Includes Minimal Allegations of Willful and Induced Infringement for the '243 and '190 Patents

BiTMICRO provides the same boilerplate recitations of willful and induced infringement for the '243 and '190 as for the '740, '084, and '694 patents.  *See id*. at ¶¶ 84–87, 119–122. BiTMICRO additionally alleges that Intel has had knowledge of the '243 and '190 patents since at least September 5, 2018, based on a non-party subpoena BiTMICRO served on Intel in an International Trade Commission ("ITC") proceeding where the '243 and '190 patents were

previously asserted against various respondents, but not against Intel. *See id*. at ¶¶ 82–84, 117–119; *Certain Solid State Storage Drives, Stacked Elecs. Components, and Prods. Containing Same*, Inv. No. 337-TA-1097 ("ITC Action"). At the ITC, BiTMICRO alleged that certain SSDs and electronic devices sold by Samsung Electronics, SK hynix, and a few other electronic device manufacturers "infringed four BiTMICRO patents, including the '243 patent [and '190 patent]." Dkt. 1 at ¶¶ 82, 117. Intel products were not accused of infringement. Intel objected to the ITC subpoena on September 14, 2018. *Id*. at ¶¶ 83, 118. BiTMICRO withdrew the subpoena against Intel a few weeks later. *See* BiTMICRO, LLC's Notice of Withdrawal of Subpoena, *Certain Solid State Storage Drives, Stacked Elecs. Components, and Prods. Containing Same*, Inv. No. 337-TA-1097 (Oct. 3, 2018).

### III.  LEGAL STANDARD

Pursuant to Rule 12(b)(6), a complaint cannot survive a motion to dismiss if it fails to plead sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); FED. R. CIV. P. 12(b)(6). That requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must instead contain "factual enhancement" sufficient to move the claim from a "sheer possibility that a defendant has acted unlawfully" to "facial plausibility." *Id*.

To adequately plead willful infringement, a plaintiff must allege facts that plausibly show that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-

ADA, 2021 WL 4555608, at *1 (W.D. Tex. Oct. 4, 2021) (*quoting Välinge Innovation AB v. Halstead New England Corp.*, No. CV 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

To adequately plead a claim of induced infringement under 35 U.S.C. § 271(b), a plaintiff must proffer factual allegations demonstrating that "the defendant knew of the patent and that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (quotation marks omitted); *see also Affinity Labs of Tex., LLC v. Blackberry Ltd.*, No. W:13-CV-362, 2014 WL 12551207, at *3 (W.D. Tex. Apr. 30, 2014). Further, a plaintiff must allege a specific intent to induce infringement, which is "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). "[M]ere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement" are required. *Id*. at 1305. The intent element requires that the defendant specifically intended for others to infringe the asserted patents; it is not enough that an accused inducer merely intends to cause others to perform certain acts which are ultimately found to infringe. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

With respect to the record created in the ITC Action, Courts may take judicial notice of matters of public record when deciding a motion to dismiss. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); *see also* FED. R. EVID. 201. The Fifth Circuit has found it proper to judicially notice certain public records, including the records and decisions of governmental and administrative agencies. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (taking judicial notice of publicly available documents and transcripts produced by Food and Drug Administration).

## IV. ARGUMENT

### A. BiTMICRO Has Failed to Adequately Plead Pre-Suit Willful and Induced Infringement as to Any Asserted Patents

For the time period before the filing of the Complaint, BiTMICRO's willful and induced infringement claims are deficient and should be dismissed. To begin, the Complaint provides no allegations specific to the '939 patent. As to the other Asserted Patents, the allegations are faulty for at least two reasons. First, BiTMICRO does not sufficiently plead the knowledge-based elements of willful and induced infringement, which alone condemns the claims. Second, as to induced infringement, BiTMICRO does not adequately allege specific intent.

#### 1. The Complaint Does Not Plead Willful or Induced Infringement for the '939 Patent

To the extent BiTMICRO intended to plead willful and induced infringement claims for the '939 patent, the Court should dismiss them. The Complaint provides no factual allegations to support such claims, whether pre-suit or otherwise. *Iqbal*, 556 U.S. at 678. The words "willful" and "induced" (and their variants) appear nowhere in the allegations relating to the '939 patent. *See generally* Dkt. 1 ¶¶ 171–180. And while the generic Prayer for Relief mentions both concepts, it does not apply them to the '939 patent. *See id.* at Prayer for Relief. Simply put, the Complaint says nothing about willful or induced infringement of the '939 patent. There are no facts to support those legal claims. *Kirsch*, 2021 WL 4555608, at *2 (dismissing pre-suit willful and induced infringement claims where complaint failed to adequately plead sufficient facts).

#### 2. The Threadbare Allegations for the '740, '084, and '694 Patents Are Insufficient to Plead Pre-Suit Willful and Induced Infringement

The Court also should dismiss the pre-suit willful and induced infringement claims relating to the '740, '084, and '694 patents because the Complaint fails to allege the requisite pre-suit knowledge and specific intent to support such claims.

It is black letter law that willful and induced infringement require knowledge of an asserted patent. *Kirsch*, 2021 WL 4555608, at *1. In attempting to address that requirement, BiTMICRO alleges that "Intel has had knowledge of the ['740, '084, and '694 patents] ***at least as*** of the filing and/or service of this Complaint." *See* Dkt. 1 ¶¶ 135, 152, 166 (emphasis added). These allegations offer only a speculative suggestion of pre-suit knowledge without any factual support. Such formulaic and threadbare recitals fall short of the Supreme Court's pleading standards. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. This Court has recognized as much, finding allegations that a defendant "ha[d] knowledge of the Asserted Patent at least as of . . . the filing of this action"—which are nearly identical to the allegations at issue here—inadequate to plead knowledge of a patent. *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-CV-00555-ADA, 2021 WL 3134260, at *2 (W.D. Tex. July 23, 2021) (dismissing pre-suit willful and induced infringement claims); *Inhale, Inc v. Gravitron*, LLC, No. 1-18-CV-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (dismissing induced and willful infringement claims because of "'legal conclusion[s] couched as . . . factual allegation[s]' that the court need not accept as true.") (citation omitted). As a result, BiTMICRO's pre-suit willful and induced infringement are fatally defective.

BiTMICRO's pre-suit induced infringement claims fail for a second reason. Induced infringement requires specific intent to induce infringement. *DSU Med. Corp.*, 471 F.3d at 1306. Regarding that element, BiTMICRO alleges that:

> Through its website, instructional guides, and manuals, Intel provides its customers with detailed explanations, instructions, and information on how to use and implement the . . . Accused Products which demonstrate active steps taken to encourage direct infringement.

Dkt. 1 at ¶ 134 ('740 patent), ¶ 151 ('084 patent), ¶ 165 ('694 patent). The Complaint goes on to declare that "on information and belief" Intel had the required specific intent as to each patent. *Id.*

7

at ¶¶ 135, 152, 166. These conclusory allegations are insufficient. It is not enough for BiTMICRO to assert that Intel provides information to customers and cite materials such as user guides and manuals. BiTMICRO must go further: it must explain how the cited information induces infringement. *Affinity Labs*, 2014 WL 12551207, at *6 ("Plaintiff does not specify how the marketing and selling activities of [the alleged infringer] actually induced third-parties to infringe"). Merely identifying manuals does not allege how those materials encourage the customer to infringe directly. *See Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 490 & n.7 (D. Del. 2021). Here, BiTMICRO provides "no discussion of the content of" the cited materials and therefore stops short of alleging how the materials instruct Intel's customers to infringe. *Id.*; *see also CAP Co. v. McAfee, Inc.*, No. 14-CV-05068-JD, 2015 WL 3945875, *3–6 (N.D. Cal. June 26, 2015) (finding references to "user manuals, guides, and support articles," without explanation of what those materials contain, "wholly inadequate for an inference of specific intent"). Because BiTMICRO does not adequately plead specific intent, its pre-suit induced infringement claims relating to the '740, '084, and '694 patents should be dismissed.

### 3. The Conclusory Pre-Suit Allegations of Willful and Induced Infringement for the '243 and '190 Patents Are Fatally Flawed

BiTMICRO's willful and induced infringement claims for the '243 and '190 patents are likewise deficient because they fail adequately to plead the knowledge and specific intent elements of the claims. The Complaint recites almost identical allegations of willful and induced infringement for the '243 and '190 as for the '740, '084, and '694 patents. *See id*. at ¶¶ 84–87, 119–122. The above arguments establishing the inadequacy of those allegations for the '740, '084, and '694 patents apply with equal force here. And although BiTMICRO includes additional allegations relating to knowledge of the '243 and '190 patents, the added allegations do not alter the outcome. The allegations do not plausibly plead the knowledge required to support the claims.

In the allegations added for the '243 and '190 patents, BiTMICRO asserts that Intel has been aware of the '243 and '190 patents since at least September 5, 2018, when it received and responded to a non-party subpoena from BiTMICRO in an ITC Action where the two patents were asserted. *Id*. at ¶¶ 82–84, 117–119. BiTMICRO concludes that "through its participation" in the ITC Action, Intel had knowledge of the patents and their relevance to the accused products in the current case. *Id.* at ¶¶ 84, 119. These allegations do not meet the applicable pleading standards.

Turning first to knowledge of the patents, BiTMICRO's allegations are pure conjecture and therefore insufficient. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *Kirsch*, 2021 WL 4555608, at *2. BiTMICRO does not allege that the ITC subpoena identified the '243 and '190 patents to Intel, nor can it. The subpoena does not mention the patents. *See* Ta Decl., Ex. A. After describing Intel's tangential and transitory connection to the ITC Action in which Intel never was accused of infringing, BiTMICRO simply posits that Intel "had knowledge" of both patents. Dkt. 1 at ¶¶ 84, 119. That is precisely the kind of conclusory and speculative statement that the Supreme Court warned against. *Iqbal*, 556 U.S. at 678; *see also Affinity Labs*, 2014 WL 12551207, at *6 ("[T]he Court is unable to draw reasonable interferences . . . based on the conclusory and speculative facts in the complaint").

Second, BiTMICRO fails to allege that Intel knew, or should have known, that it allegedly infringed either patent, as required to plead willful and induced infringement. *Commil USA*, 575 S. Ct. at 1926. The Complaint is devoid of any factual allegations on this issue, rendering the claims ripe for dismissal. *BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 299733, at *4 (W.D. Tex. Feb. 1, 2022) (dismissing pre-suit willful or induced infringement claims where the complaint lacked allegations that defendant knew or should have known of the alleged infringement). Although BiTMICRO refers to the ITC subpoena in the Complaint, it does allege

9

that the subpoena included any identification of the '243 or '190 patents, much less suggestion that Intel or any of its products infringe either patent. *See* Dkt. 1 ¶¶ 82–83, 117–118. The subpoena includes no such references to those patents or accusations against Intel. *See generally* Ta Decl., Ex. A.

BiTMICRO nonetheless concludes "on information and belief" that Intel knew of the "relevance" of the '243 and '190 patents to the accused products in this case because of the ITC Action. Dkt. 1 at ¶¶ 84, 119. BiTMICRO's allegations are conclusory and implausible. *Iqbal*, 556 U.S. at 678. As the Complaint describes, in the ITC Action, BiTMICRO accused products made by Samsung, SK hynix, and a few other electronic device manufacturers of infringement. *Id.* at ¶¶ 82, 117. Intel was not a party to the case and its products were never accused of infringement. BiTMICRO does not allege otherwise. Furthermore, BiTMICRO currently accuses an Intel "vertically stacked integrated circuit[]" product known as Lakefield of infringing the '243 patent. *Id.* at ¶¶ 52, 72. By BiTMICRO's own admission, however, the ITC Action related to SSDs—a completely different category of products. *Id.* at ¶¶ 82, 117. As to the '190 patent, at the time BiTMICRO served its subpoena on Intel on September 5, 2018, the '190 patent had already been dropped from and was no longer part of the ITC Action. *See* Comm'n Op., *Certain Solid State Storage Drives, Stacked Elecs. Components, and Prods. Containing Same*, Inv. No. 337-TA-1097 (June 29, 2018) (finding BiTMICRO failed to establish a domestic industry with respect to the '190 patent). Thus, BiTMICRO does not attempt to allege that the subpoena it served on Intel was even seeking discovery related to claims arising under the '190 patent. On this record, there is no support for BiTMICRO's conclusion that Intel knew, or should have known, about alleged infringement of the accused Intel products under the '243 and '190 patents. The facts and allegations all point the other way.

### B. Similar Issues Plague BiTMICRO's Post-Suit Willful and Induced Infringement Claims, Which Are Also Insufficient

BiTMICRO's post-suit willful and induced infringement claims also should be dismissed. The Complaint does not create legal rights that did not exist before it was filed. Thus, the allegations of willful and induced infringement remain defective post-suit for all the same reasons explained above. In addition, BiTMICRO cannot pursue post-suit claims regarding an expired patent and products relating to a business that SK hynix acquired before suit.

#### 1. The Filing of a Complaint Cannot Create New Legal Rights

BiTMICRO's post-suit willfulness and inducement claims should be dismissed because BiTMICRO fails to plead pre-suit claims, and the Complaint should not alter those circumstances.

Although the Federal Circuit has not directly addressed the issue, district courts are split on whether a complaint for direct infringement alone can provide the requisite knowledge of the patent and of infringement to sustain willful and induced infringement allegations after the date of the complaint. *Sonos, Inc. v. Google LLC*, No. C-21-07559-WHA, 2022 WL 799367, at *4–7 (N.D. Cal. Mar. 16, 2022). Several courts have concluded that the complaint itself cannot create legal rights. *See, e.g.*, *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021) ("The purpose of a complaint is to obtain relief from an existing claim and not to create a claim.") (citation and quotation marks omitted); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11–1681 DOC (ANX), 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[A] complaint fails to state a claim for indirect patent infringement where the only allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the same lawsuit establish the defendant's knowledge of the patent.").

Although Intel is aware the Court has not adopted this view to date, it is the better course. It makes little sense to allow a plaintiff to use the complaint as a device to transform a defective

willful or induced infringement claim that is inadequate as to the knowledge elements into a viable one. Moreover, permitting a complaint to cure defects relating to the knowledge element also potentially opens the door for plaintiffs to assert willful and induced infringement claims in every patent case, using the complaint itself as the basis for augmenting the number of claims at issue in the case. This strains the limited resources of the courts and undermines judicial efficiency. As Judge Connelly of the District of Delaware put it in *ZapFraud*:

> The limited authority vested in our courts by the Constitution and the limited resources made available to our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims. It seems to me neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement and enhanced damages.

528 F. Supp. 3d at 251.

What is more, "allowing the complaint to serve as notice would circumvent the worthwhile practice to send a cease-and-desist letter before suit," curtailing pre-litigation discussions that could obviate the need for lawsuits. *Sonos*, 2022 WL 799367, at *5. That rule is unfair to defendants because it leaves them vulnerable to complaint-based willful and induced infringement claims when plaintiffs could have approached them about pre-suit resolution at any time but simply decided not to do so. *Proxyconn*, 2012 WL 1835680, at *5. By contrast, "requiring a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit." *Proxyconn*, 2012 WL 1835680, at *5; *see also ZapFraud*, 528 F. Supp. 3d at 251 ("[A] pre-suit notice letter could very well lead the patent holder and the asserted infringer [to] exchange information, and the asserted infringer might then take a license, or the patent holder might learn of reasons why suit should not be filed.") (citation and quotation marks omitted). A system that incentivizes pre-suit resolution is especially suitable for patent litigation, which can be time-

consuming and costly to both the courts and the litigants. *Proxyconn*, 2012 WL 1835680, at *5.

To avoid the issues described above, the Court should find that BiTMICRO's complaint itself cannot satisfy the knowledge elements inadequately pled for its pre-suit claims. For that reason, the post-suit willful and induced infringement claims should also be dismissed.

### 2. Like Its Pre-Suit Claims, BiTMICRO's Post-Suit Induced Infringement Claims Do Not Adequately Plead Specific Intent

As explained above, BiTMICRO's pre-suit induced infringement claims fail because the Complaint does not properly plead specific intent. For BiTMICRO's post-suit induced infringement claims, the allegations are the same, and the defects remain. Accordingly, BiTMICRO's post-suit induced infringement claims should be dismissed.

### 3. Any Post-Suit Claims for the Expired '939 Patent Should Be Dismissed with Prejudice

The Complaint does not include any allegations of willful and induced infringement specific to the '939 patent. Therefore, like the pre-suit claims, the post-suit claims relating to the '939 patent should be dismissed. There is another issue, however. Any post-suit willful and induced infringement claims should be dismissed *with prejudice* because the '939 patent expired before suit was filed. Dkt. 1 at Ex. F (showing the '939 patent was filed in 1999); *see, e.g.*, *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-CV-750, 2014 WL 2115616, at *2 (E.D. Tex. May 15, 2014) (dismissing post-suit claims as there can be no post-suit infringing activities when the patent expired before the complaint was filed).

### 4. The Post-Suit Willful and Induced Infringement Claims for the Accused NAND SSD Products Should Be Dismissed with Prejudice

BiTMICRO's post-suit willful and induced infringement claims for NAND SSDs should be dismissed *with prejudice* because the Complaint alleges that an SK hynix subsidiary acquired the related business in December 2021, months before the Complaint was filed. *See* Dkt. 1 at ¶ 59.

Based on that allegation, Intel cannot thereafter be liable for any willful or induced infringement directed to the accused NAND SSD products. BiTMICRO accuses NAND SSD (also referred to as non-volatile memory SSD or NVMe SSD) products of infringing the '740, '190, and '939 patents. *See, e.g.*, *id.* at ¶¶ 53, 55, 91-92 ('190 patent), 126 ('740 patent), 172 ('939 patent).

## V.     CONCLUSION

For the foregoing reasons, Intel respectfully requests that the Court dismiss the pre-suit and post-suit willful and induced infringement claims for all Asserted Patents.

Dated:  June 6, 2022                                          Respectfully submitted,

*/s/   Janice L. Ta*
Janice L. Ta, Texas 24075138
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado St., Suite 1700
Austin, TX 78701
Tel: (737) 256-6100
Fax: (737) 256-6300

Chad S. Campbell
CSCampbell@perkinscoie.com
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Tel: (602) 351-8000
Fax: (602) 648-7000

*Counsel for Defendant Intel Corporation*

## CERTIFICATE OF CONFERENCE

Pursuant to the Court's Order Governing Proceedings, Version 4.0, Section 7, counsel for Defendant Intel sent an email to counsel for Plaintiff BiTMICRO on May 31, 2022, to meet and confer and discuss dismissing BiTMICRO's willful and indirect infringement allegations without prejudice, with leave to re-plead those allegations with specificity within three months after fact discovery opens if supported by a good faith basis under Rule 11. The parties met and conferred telephonically on June 2, 2022. At that conference, counsel for BiTMICRO stated that it would be amenable to dismissing its indirect and willful infringement claims without prejudice, but only if Intel would agree not to (1) pursue any Rule 12 motions or (2) challenge venue. Counsel for Intel responded by email on the same day that it could not agree to those conditions. Despite a further meet and confer on June 3, 2022, the parties could not reach agreement, necessitating the filing of this Motion.

*/s/    Janice L. Ta*
Janice L. Ta

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 6, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

*/s/    Janice L. Ta*
Janice L. Ta
